**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BEIJING CHOICE ELECTRONIC TECHNOLOGY CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-00825 |
| v. | ) ) | Honorable Sara L. Ellis |
| CONTEC MEDICAL SYSTEMS USA INC. and CONTEC MEDICAL SYSTEMS CO., LTD., | ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**BEIJING CHOICE ELECTRONIC TECHNOLOGY'S**
**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Beijing Choice Electronic Technology Co., Ltd. ("Choice") respectfully requests that the Court issue a preliminary injunction against Defendants Contec Medical Systems USA Inc. and Contec Medical Systems Co., Ltd. (collectively, "Contec") to stop their continued infringement of U.S. Patent No. 8,639,308 (the "'308 patent") issued to Choice. In support of this motion, Choice states as follows:

1. To obtain a preliminary injunction, Choice must establish that: (1) Choice is likely to succeed on the merits, (2) Choice is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in Choice's favor, and (4) an injunction is in the public interest. *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Choice can satisfy each of these factors.

2. Choice's fingertip pulse oximeters that embody the '308 patent (the "Patented Oximeters") incorporate the patented feature of allowing users to use a single button to power on and off the device as well as to switch between different display modes. This feature provides for ease of use and greater precision in measuring blood oxygen saturation levels. Contec's infringing products closely resemble Choice's competing products that practice the '308 patent. Contec, by selling or importing into the United States products that infringe the '308 patent (the "Infringing Oximeters"), has been cannibalizing Choice's market share and forcing Choice to reduce its oximeter prices.

3. Contec's ongoing sale of Infringing Oximeters will—if not enjoined by this Court—have a devastating effect on Choice's business. Contec's infringement has caused, and will continue to cause, irreparable harm to Choice. Due to the Infringing Oximeters, Choice was

forced to reduce the selling price of its Patented Oximeters, resulting in drastic reductions in their average quarterly price and the quarterly revenue generated from sales thereof.

4. Because of Contec's infringement, Choice has lost market share and suffered injury to its reputation, goodwill, and business relationships, despite having tried multiple approaches to salvage the decreasing sales and revenue. Also, documents filed with a Chinese government agency show that Contec is preparing for an initial public stock offering, which will very soon provide Contec with increased resources to further marginalize Choice. Without a preliminary injunction, the irreparable harm Choice has been continuously suffering will be exacerbated.

5. The balance of any hardships also favors granting a preliminary injunction. Fingertip pulse oximeters constitute the vast majority of Choice's business, but the Infringing Products make up at most a third of Contec's sales. Also, Contec possesses its own noninfringing alternative for switching between different display modes, but nonetheless chooses to infringe Choice's patent.

6. The public interest falls squarely on the side of protecting Choice's patented innovation. The purpose of the patent system is to foster investment and innovation by granting inventors limited exclusive rights and a fair return for their inventions. Contec should not be permitted to use Choice's patented innovation without permission to replace Choice's Patented Oximeters and injure Choice's business. Also, consumers will not suffer shortage of fingertip pulse oximeters after Contec is enjoined, as Choice has more than enough manufacturing capacity to supply the market.

WHEREFORE, for the reasons set forth herein and in Choice's accompanying memorandum in support of this motion, Choice respectfully requests that this Court issue a

preliminary injunction prohibiting Contec from making, using, selling, offering for sale, or importing the Infringing Oximeters or any colorable variations thereof that infringe the '308 patent.

Dated: February 1, 2018

Respectfully submitted,

*/s/ Steven P. Mandell*
Steven P. Mandell
Stephen J. Rosenfeld
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, IL 60606
Phone: (312) 251-1001
smandell@mandellmenkes.com

Kathleen A. Daley (*pro hac vice* pending)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001
Phone: (202) 408-4000
Fax:    (202) 408-4400
kathleen.daley@finnegan.com

Michael Liu Su (*pro hac vice* pending)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
3300 Hillview Avenue, Second Floor
Palo Alto, CA 94304
Phone: (650) 849-6600
Fax:    (650) 849-6666
michael.liu.su@finnegan.com

*ATTORNEYS FOR PLAINTIFF BEIJING CHOICE ELECTRONIC TECHNOLOGY CO., LTD.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 1, 2018 by U.S. mail and Federal Express to:

| CONTEC MEDICAL SYSTEMS USA INC. | CONTEC MEDICAL SYSTEMS CO., LTD. |
|---|---|
| 111 Wheeling Rd, Wheeling, IL 60090 | 111 Wheeling Rd, Wheeling, IL 60090 |
| and | and |
| 1440 Chase Ave, Elk Grove Village, IL 60007 | 1440 Chase Ave, Elk Grove Village, IL 60007 |

/s/ Steven P. Mandell
Steven P. Mandell
Stephen J. Rosenfeld
MANDELL MENKES LLC

*ATTORNEY FOR PLAINTIFF
BEIJING CHOICE ELECTRONIC
TECHNOLOGY CO., LTD.*