**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BEIJING CHOICE ELECTRONIC TECHNOLOGY CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-00825 |
| v. | ) ) | Honorable Sara L. Ellis |
| CONTEC MEDICAL SYSTEMS USA INC. and CONTEC MEDICAL SYSTEMS CO., LTD., | ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**BEIJING CHOICE ELECTRONIC TECHNOLOGY'S
MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Beijing Choice Electronic Technology Co., Ltd. ("Choice") respectfully requests that the Court enter an order granting expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). In support of its motion, Choice states the following:

1. Defendants Contec Medical Systems USA Inc. and Contec Medical Systems Co., Ltd. (collectively, "Contec") have infringed and are currently infringing Choice's U.S. Patent No. 8,639,308 (the "'308 patent"). Choice's fingertip pulse oximeters that embody the '308 patent (the "Patented Oximeters") incorporate the patented feature of allowing users to use a single button to power on and off the device as well as to switch between different display modes. Contec, by selling or importing into the United States products that infringe the '308 patent (the "Infringing Oximeters"), has been cannibalizing Choice's market share and forcing Choice to reduce its oximeter prices.

2. Contemporaneous with the filing of this motion, Choice has filed a Motion for Preliminary Injunction seeking to enjoin Contec from selling or importing into the United States its Infringing Oximeters. Because Contec's acts have caused, and continue to cause, Choice irreparable harm, expedited discovery is both necessary and appropriate for Choice to gather facts in advance of a hearing on its Motion for Preliminary Injunction.

3. Therefore, Choice respectfully requests that this Court order forty-five days of expedited discovery before the preliminary injunction proceeding. Federal Rule of Civil Procedure 26(d) permits expedited discovery upon a showing of good cause, such as where a preliminary injunction is sought. *See* Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments to subdivision (d)) (stating that expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction.").

4. Choice estimates that written discovery and around six fact witness depositions should be conducted and completed before a hearing on its Motion for Preliminary Injunction takes place.

5. Accordingly, Choice respectfully requests that this Court issue an order requiring the parties to proceed with written fact discovery and fact depositions immediately in accordance with the following proposed schedule:

    a. the parties serve initial interrogatories pursuant to Federal Rule of Civil Procedure 33 and initial requests for production pursuant to Federal Rule of Civil Procedure 34 within three days after entry of this order;

    b. responses to the discovery set forth in sub-paragraph (a) be made within fourteen days after service;

    c. requested depositions may commence immediately but shall be scheduled to be completed no later than forty-five days after entry of this order;

    d. the Court permit Choice to file an amended Memorandum in Support of Motion for Preliminary Injunction based on the discovered information within ten days after the end of the 45-day period;

    e. the Court permit Contec and Choice to respectively file an opposition brief and a reply brief according to a schedule deemed prompt and reasonable by the Court;

    f. the Court conduct a hearing on Choice's Motion for Preliminary Injunction as soon as reasonably practical after the conclusion of the above briefing period.

WHEREFORE, Choice respectfully requests that this Court enter an order requiring the parties to commence discovery in accordance with the proposed schedule above and set a

preliminary injunction hearing as soon as reasonably practical after the close of the expedited discovery and briefing periods.

Dated: February 1, 2018

Respectfully submitted,

/s/ Steven P. Mandell
Steven P. Mandell
Stephen J. Rosenfeld
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, IL 60606
Phone: (312) 251-1001
smandell@mandellmenkes.com

Kathleen A. Daley (*pro hac vice* pending)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001
Phone: (202) 408-4000
Fax:    (202) 408-4400
kathleen.daley@finnegan.com

Michael Liu Su (*pro hac vice* pending)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue, Second Floor
Palo Alto, CA 94304
Phone: (650) 849-6600
Fax:    (650) 849-6666
michael.liu.su@finnegan.com

*ATTORNEYS FOR PLAINTIFF
BEIJING CHOICE ELECTRONIC
TECHNOLOGY CO., LTD.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 1, 2018 by U.S. Mail and Federal Express to:

| CONTEC MEDICAL SYSTEMS USA INC. | CONTEC MEDICAL SYSTEMS CO., LTD. |
|---|---|
| 111 Wheeling Rd, Wheeling, IL 60090 | 111 Wheeling Rd, Wheeling, IL 60090 |
| and | and |
| 1440 Chase Ave, Elk Grove Village, IL 60007 | 1440 Chase Ave, Elk Grove Village, IL 60007 |

/s/ *Steven P. Mandell*
Steven P. Mandell
Stephen J. Rosenfeld
MANDELL MENKES LLC

*ATTORNEY FOR PLAINTIFF*
*BEIJING CHOICE ELECTRONIC*
*TECHNOLOGY CO., LTD.*